## Case No. 7,247.

The J. B. LUNT v. MERRITT et al.

[21 Betts, D. C. MS. 85.]

District Court, S. D. New York. May 20, 1853.

BETTS, District Judge. The original action was a petitory suit, by the mortgagees of the vessel after forfeiture, demanding possession of it as absolute owners, and the decree adjudged the title to be in the libellants, and ordered possession of the ship to be delivered to them. [Case No. 7,246.] A mortgage of chattels stands upon the footing of the common-law mortgage, and on failure by the mortgagor to ˙perform the condition the property is vested in the mortgagee, and he may claim possession of it as his own. 4 Kent, Comm. 137; 2 Bl. Comm. 157; Coote, Mortg. 9. Although the rigor of absolute forfeiture of the estate on nonpayment of the debt secured is relaxed, and the payment of the debt at any time before a legal foreclosure may have the effect of reinstating the mortgagee in his property (4 Kent, Comm. 158), and even if the mortgagor has an equity of redemption which will be protected in equity before it is foreclosed by a public sale of the property by the mortgagee (Charter v. Stevens, 3 Denio, 33), yet a court of equity never interferes to prevent the mortgagee from assuming the possession (Coote, Mortg. 330; Cholmondeley v. Clinton, 2 Mer. 359).

The motion in this instance asks that the decree of possession of the vessel to the libellants be varied by adding that it shall be at the election of the claimant to execute a bond with sufficient sureties, conditioned to pay the libellants the amount justly due to them on the indebtedness and liability for which the mortgage was taken, after deducting all payments made thereon, all moneys received by the libellants from bills of lading of the vessel or otherwise, which should be applied by the libellants thereon, and all offsets, counterclaims or discounts which, according to law or equity, should be deducted therefrom; and that, upon executing such bond, and the approval thereof by the district judge, the libel be dismissed. This application proposes a substantive change of the decree rendered, and independent of the formal objection to it, that it contravenes the established practice of the court in respect to rectifying a decree made on hearing (Ben. Adm. p. 548; Peru v. The North America [Case No. 11,017a]), it proposes that the court should assume a function never yet exercised in admiralty,—that of changing an action of possession founded upon the conveyance of a chattel by a mortgage deed into a proceeding in foreclosure of the mortgage according to the principles of a court of equity.

In my opinion, a court of admiralty is incompetent to entertain a libel merely for the purpose of foreclosing a mortgage, and, had this suit been instituted for that object, the action would have been dismissed; but there is now an additional impediment to the relief asked for; as the order pointed out would be the appropriate conclusion to a bill by the mortgagee, and, if such pro-

ceeding could be maintained in this court, it would be wholly irregular to give the applicant the judgment sued for without permitting the mortgagee to answer and contest his right to it. But, in my opinion, the same objection lies to the maintenance of a libel for redemption of a mortgage as to one for its foreclosure,—both belonging appropriately to a court of chancery, which can control the proper accountings, and the production of necessary witnesses and vouchers. The order prayed for has all the qualities of a libel or bill to redeem, and the claimant cannot entitle himself to the prayer in any mode of procedure which would evade the right of the libellants to put at issue and contest the positions of law or fact upon which the relief is sought. The decree rendered upon the merits must accordingly stand, and the application to substitute the one pointed out be denied.